BLD-045                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2307
_____

ISAAC BILAL PEARSON,
                                                    Appellant

v.

DETECTIVE JASON KRASLEY, 32535/233
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 5-16-cv-00066)
District Judge: C. Darnell Jones, II
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 9, 2017

Before: AMBRO, RESTREPO, and NYGAARD, Circuit Judges

(Opinion filed: November 15, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Isaac Bilal Pearson appeals from an order of the District Court dismissing his amended complaint. For the reasons that follow, we will summarily affirm.

Pearson filed a civil rights action, 42 U.S.C. § 1983, in the United States District Court for the Eastern District of Pennsylvania against Allentown, Pennsylvania Detective Jason Krasley. Pearson alleged in his amended complaint that Krasley, on March 12, 2015, ordered him at gunpoint to get out of his car and lie down on the ground. Krasley took Pearson's wallet and $905.00 in cash. He handcuffed Pearson and placed him in a police vehicle. Krasley then searched Pearson's car and seized three cellular phones. Krasley then executed an affidavit of probable cause, in which he stated the circumstances of Pearson's arrest.[1]

---

[1] Krasley's affidavit, which is attached to Pearson's motion for summary judgment, states, in pertinent part, that:

2. On or about March 12, 2105 …. [Pearson] was the subject of a prostitution investigation.

3. [Krasley] viewed a post on the classified website backpage.com which …. offered a sexual experience in exchange for US Currency.

4. [Krasley] contacted 610-972-8002 which was the number listed on the posting. [Krasley] spoke with a female and she directed [Krasley] to come to room # 219 at the Roadway 1nn.

5. [Krasley] went to the room as directed and was met by the female who was depicted in the posting on backpage.com. She offered to have sexual intercourse and oral sex with [Krasley] for $80.00 and she immediately took all her clothes off.

6. The female was detained and she stated that she was required to hand all the money she earns to her pimp, "J". She stated that "J" rents the room and posts her ads on backpage.com….

2

Following his arrest, Pearson was charged with theft of leased property, receiving stolen property and unauthorized use of a motor vehicle, and one count of promoting prostitution. Pearson pleaded guilty to the motor vehicle charge, and the property charges were withdrawn. The prostitution charge was *nolle prossed*. In his amended complaint, Pearson alleged the unlawful use of excessive force and an unlawful search and seizure in violation of the Fourth Amendment based on Krasley's conduct during the arrest. He also claimed that his due process rights were violated because Krasley allegedly falsified the affidavit of probable cause.

Krasley moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Pearson responded in opposition to the motion to dismiss and filed a motion for summary judgment, Fed. R. Civ. P. 56(a), which Krasley opposed. The District Court dismissed Pearson's motion for summary judgment as premature, and, then, in an order entered on May 12, 2917, the Court granted Krasley's motion to dismiss the amended complaint. Pearson timely moved for reconsideration. In an order entered on June 5, 2017, the District Court denied reconsideration.

Pearson appeals. We have jurisdiction under 28 U.S.C. § 1291. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it

---

7. The female dialed 908-343-7621 and [Pearson] answered and stated that he was on his way to the Roadway Inn to collect his money.

8. [Pearson] arrived in a Silver vehicle and he was detained. He was in possession of $905.00 and three cell phones. One of the cell phones was indeed the cell phone with the number 908-343-7621.

Exhibit to Plaintiff's Motion for Summary Judgment, Docket Entry No. 19.

3

clearly appears that no substantial question is presented by it.  The parties were advised that we might act summarily to dispose of this appeal and were invited to submit argument in writing.  Pearson has submitted argument in support of the appeal and has moved for appointment of counsel.

We will summarily affirm.  Review of a District Court's decision to grant a motion to dismiss pursuant to Rule 12(b)(6) is plenary.  A Rule 12(b)(6) motion tests the sufficiency of the factual allegations contained in the complaint.  See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  We look for "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of" a claim for relief.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Here, the District Court properly considered the items submitted by the parties in support of their respective positions.  See In re: Rockefeller Center Properties, Inc. Securities Litigation, 184 F.3d 280, 287 (3d Cir. 1999); Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

To state a claim for excessive force under the Fourth Amendment, Pearson must allege that a seizure -- his arrest -- was carried out in an unreasonable manner.  See Estate of Smith v. Marasco, 430 F.3d 140, 148 (3d Cir. 2005); Curley v. Klem, 499 F.3d 199,

4

203 n.4 (3d Cir. 2007). Courts evaluate the reasonableness of "a particular use of force ... from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham v. Connor, 490 U.S. 386, 396 (1989). The District Court identified the factors that may be taken into consideration in making the reasonableness determination, and correctly concluded that Pearson failed to set out enough factual content to establish that Krasley used unreasonable force in arresting him. Krasley is alleged to have pointed a gun at Pearson and required him to lie on the ground, but the charge of promoting prostitution was serious, Pearson was in a vehicle and thus could have fled, and Pearson was uninjured. There is thus no plausible claim that the force used by Krasley in effecting Pearson's arrest was excessive.

As to the seizure of the cash and cell phones, a warrantless search is legal if supported by probable cause, and probable cause exists if, based on the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). The District Court correctly determined that there was probable cause to search Pearson and his car for evidence of a crime because Pearson responded to the cell phone call made by the woman who, in agreeing to have sexual relations with Krasley for $80.00, identified Pearson as the man to whom she would be required to turn over her earnings. There was probable cause for Pearson's arrest when he pulled into the motel's parking lot, and, after Krasley found $905.00 in cash on Pearson, a reasonable police officer would have concluded that the cell phone Pearson used to communicate with the woman could be found in his car.

5

Last, Pearson's allegation that Krasley fabricated the affidavit of probable cause is conclusory and thus does not state a claim for a due process violation. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (conclusory allegations are insufficient to survive motion to dismiss). Pearson's motion for reconsideration was properly denied by the District Court because he did not argue an intervening change in the law, new evidence, or a clear error of law. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

For the foregoing reasons, we will summarily affirm the orders of the District Court dismissing the amended complaint and denying Pearson's motion for reconsideration. Pearson's motion for appointment of counsel on appeal is denied as moot.